IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| US FIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO. 21-0226-CG-B ) |
| MARTIN CONTRACTORS, LLC; PHILLIP MARTIN; DONNA MARTIN; 110 LOUISVILLE AVE, LLC; JAMES N. MARTIN; CLM LLC; and SUSAN MARTIN, | ) ) ) ) ) ) ) |
| Defendants. | |

## ORDER

This matter is before the Court on the Writs of Garnishment and notices of garnishment issued in this case. (Docs. 63-86), and Plaintiff's motion for execution of garnishment (Doc. 95). On May 24, 2023, Regions Bank filed answers to the Writs of Garnishment as to all Defendants, identifying amounts it holds in the name of the Defendants and stating that it has notified the judgment debtors of their right to raise all potential objections and exemptions with the ordering authority. (Docs. 90-93). On May 26, 2023, United Bank filed answers to the Writs of Garnishment as to all Defendants stating that it held funds in the names of Donna Martin and Susan Martin but did not hold any assets in the name of Phillip Martin or James N. Martin. (Doc. 94). On June 20, 2023, Plaintiff served the Defendants' counsel of record by certified mail. (Doc. 95). On July 5, 2023, Plaintiff moved for execution of garnishment and

1

distribution of the funds Regions Bank and United Bank held in the name of the judgment debtors. (Doc. 96). That same day, the Defendants filed notices of claim of exemption as to all the funds held in their name by Regions and United Bank. (Doc. 97-98). Defendants subsequently filed a response in opposition to the motion for execution of garnishment. (Doc. 99).

Defendants' brief in opposition to execution of garnishment asserts that Defendants were not properly served with a copy of the Answers as required by 28 U.S.C. § 3205(b)(4). Plaintiff's requests for issuance of Writs of Garnishment were made pursuant to Rule 64 of the Federal Rules of Civil Procedure and § 6-6-370,et seq., of the Code of Alabama. (Docs. 59-62). Section 3205 does not apply to this case. Section 3205 only applies to cases where the United States is a party to the suit. *Cassady v. Hall*, 892 F.3d 1150, 1154 (11th Cir. 2018).

Nevertheless, Defendants did file affidavits claiming exemptions for the funds at issue on July 5, 2023. (Docs. 97-98). Under ALA. CODE § 6-10-23 "after the filing of such declaration[s], the claim[s] of exemption are considered as prima facie correct." Under ALA. R. CIV. P 64B, the Plaintiff can contest Defendants' exemption. However, to date, the Court has not received a contest to Defendants' claims of exemption.

> ... If the plaintiff fails to make timely contest after notice of the defendant's claim of exemption, after fifteen (15) calendar days from the filing of such claim, the process of garnishment and any writ of garnishment issued therein shall be dismissed or, where appropriate, modified to the extent necessary to give effect to the claimed exemptions.
> ...

ALA. R. CIV. P. 64B. Fifteen days have passed since July 5, 2023, when Defendants

filed their claims of exemption. Accordingly, the Writs of Garnishments (Docs. 63, 65, 67, 69, 71, 73, 75, 77, 79, 81, 83), are hereby **DISMISSED** and Plaintiff's motion for execution of garnishment (Doc. 95) is **DENIED.**

    **DONE** and **ORDERED** this 3rd day of August, 2023.

                       /s/ Callie V. S. Granade  
                       SENIOR UNITED STATES DISTRICT JUDGE